8682

NO. 8682
COURT OF APPEAL
PARISH OF ORLEANS.

————

FELIX F. DUPLAIN

versus

PHILIP PATORNO, SAMUEL
COSTE, et als, In Solido.

————

Court of Appeal
PARISH OF ORLEANS
Jan. 28/1923
Clerk

427

Dinkelspiel;

This suit is based on a contract in writing for the sale of an electric piano for the sum of $350.00, plaintiff alleging that on August 20th, 1921, defendants, under the name of the Catholic Athletic Club, bought from him, ene peerless trio orchestra electric piano, for the price and sum of $350.00, $150.00 to be paid in cash, and the balance thirty days thereafter; and that said piano was delivered at their place of business, where it has been in operation ever since, and alleging further that one first payment of $150.00 was made by check of defendants, signed by Samuel P. Coste, made to the order of xxxx Felix J. Duplain, which check when presented for payment at the bank was dishonored. Wherefore he prays for judgment.

The defendants substantially answer that they bought the piano in question from plaintiff, which was to be delivered in first class condition on August 20th, 1921; alleging further that the piano delivered was not in first class operating condition, but that plaintiff continued to work on same without success, plaintiff was notified by registered mail letter that the contract was cancelled as he had failed to carry out his part thereof, that said piano never did work, could never be used by the theatre and that another piano was purchased by defendants and put in operation, hence the bank upon which defendants drew the check in question was ordered not to pay same, and the piano sold by plaintiff was tendered and has been and is at his disposal, and that plaintiff was ordered to remove said piano from the premises, because he had failed to carry out his contract; hence prayed for judgment.

An xxxxxxigationafxxhx investigation of the record proves to our entire satisfaction that plaintiff sold the electric piano in question as a good, sound, working instrument, that he knew the objects of defendants in purchasing same were to install it for public exhibition, and plaintiff warranted the instrument to do all that was required of an instrument similar xxxxx to the piano in question, finally installed the piano and although plaintiff worked for hourse both on the day of instal-

lation, and subsequent days to endeavor to make the piano play successfully, failed utterly in doing this. and after repeated efforts it being shown by abundant testimony, that the electric piano in question could not be worked and did not accomplish its purpose, plaintiff was notified by registered mail letter, which he received, that the contract was at an end, that the piano in question could not be used; that it was not the instrument which he, plaintiff, had represented it to be, played no tunes of any kind or character, simply made a noise, weak at that; hence absolutely useless, and although plaintiff endeavored to do all in his power to make the instrument accomplish its objects, he failed in all his attemps, hence the instrument in question not coming up to the contract and representation, and/warranties made by plaintiff, being unable to perform that which was represented it would, was entirely useless, hence we consider that defendants are entitled to judgment.

We have not been favored with a brief or argument on either side in this case, but we find that:

"When any commoditv is sold by description as shown in this case, and the description is not substantially satisfied by the commodity delivered, the purchaser is not bound to accept it".

See Vo. 94, Southern Reporter, p. 83.

"A misrepresentation by the seller concerning the goods sold may be grounds for avoiding the contract."

35 Cyc. p. 73. and authorities there quoted.

The Judge aquo having seen and heard the witnesses in this case was in a better position than we are to judge of the truthfulness of the testimonv given; his opinion and decision were in favor of the defendants and we concur.

It is therefored ordered, adjudged and decreed, that the judgment of the Court aquo be and the same is hereby affirmed plaintiff to pay costs of both Courts.

—Judgment affirmed—